## CITY OF LITTLE ROCK
### *v.* Robert TROUTT

CR 80-207                                    607 S.W. 2d 668
Supreme Court of Arkansas
Opinion delivered November 24, 1980

R. *Jack Magruder, III*, City Atty., by: *Carolyn B. Withers-poon*, Asst. City Atty. for appellant.

No brief for appellee.

JOHN I. PURTLE, Justice. Appellee was charged and convicted in the Little Rock Municipal Court for failure to pay his privilege license tax under Little Rock Ordinance 21-13. His defense was that he had paid for a mixed drink permit pursuant to Little Rock Ordinance 4-43, and this permit should take the place of the privilege license which he refused to pay. On appeal the circuit court found appellee not guilty because the city had not proved beyond a reasonable doubt that appellee should have paid the privilege license fee.

The City of Little Rock brings the appeal and alleges that (1) the trial court erred in finding the city did not prove beyond a reasonable doubt that appellee was guilty; and (2) the trial court erred in finding appellee was not required to obtain a privilege license since he had paid for a mixed drink permit. We agree with the appellant's contentions and reverse the case.

Appellee does not dispute that he received notice to pay the taxes under the privilege license provisions of the Little Rock Code of Ordinances. He simply stated he did not think it was right to pay it when he had already paid a license to sell mixed drinks. It was appellee's contention that the payment of the mixed drink permit authorized him to operate his private club and sell mixed drinks. Appellee has operated a private club for many years in Pulaski County, Arkansas, and up until January 2, 1978, he sold food and beverages and provided other entertainment. Since January of 1978, he has sold only non-alcoholic drinks and mixed drinks consisting of

alcoholic beverages and the ingredients used in their preparation. He does not serve food. The appellee's primary defense for not paying the privilege license tax was stated as follows:

> I willfully did not pay the privilege license because I didn't think it was right.

We will discuss both of appellant's points for reversal at the same time. It must first be noted that appellee did not challenge the constitutionality of either ordinance nor did he deny receiving notice that the taxes were due. Appellee admits that prior to 1978 he was paying both taxes; but, when he discovered they were being billed on the same form, he decided he was being taxed twice for the same thing. Appellee did not file a brief, and the only clue we have to his contention is that set out in the facts above.

Since there is not attack on the validity of either ordinance, we consider the ordinances to be valid. Little Rock Code of Ordinances Section 21-13 provides, among other things, that any person carrying on a business shall pay a license fee. Little Rock Code of Ordinances Section 4-43 requires anyone selling mixed drinks to obtain a mixed drink permit.

Without deciding whether it is permissible for a city to impose double taxes upon its residents, we find the trial court was in error because the privilege tax was for the purpose of carrying on a business. The business was that of operating a private club. The private club also wanted to sell mixed drinks, which is no doubt the primary purpose of its existence, and before it could do so the city required a mixed drink license. These are two separate and distinct subjects of taxation. Obviously, a private club could be operated without selling mixed drinks. Certainly they would not need a mixed drink permit to have floor shows, allow dancing, or listen to music. Therefore, we have no hesitancy in saying the taxation was for two separate and distinct purposes. The fact that the two ordinances are both revenue measures has no bearing on their validity under the facts of this case.

The trial court was in error in finding the appellant had

not proved its case beyond a reasonable doubt. There was no evidence whatsoever other than the appellee refused to pay the tax after notice. There was no dispute at all on the facts. This is simply a matter of the interpretation of these two ordinances. As previously stated, we interpret them to cover two separate and distinct objectives and they are therefore a valid exercise of the authority of the city.

Reversed.